UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

05-30155-MAP

LAWRENCE W. HAMMARE,
        Plaintiff

v.

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA, and
T-MOBILE USA, INC.,
        Defendants

## COMPLAINT

### PARTIES

1. The Plaintiff, Lawrence W. Hammare, resides at 37 Lake George Road, Wales, Hampden County, Massachusetts 01081.

2. The Defendant, The Prudential Insurance Company of America, is a corporation registered to do business in the Commonwealth of Massachusetts, with a usual place of business at Post Office Box 13480, Philadelphia, Pennsylvania 19101.

3. The Defendant, T-Mobile USA, Inc., is a Delaware corporation, registered to do business in the Commonwealth of Massachusetts, with a usual place of business at 12920 S. E. 38th Street, Bellevue, Washington 98006.

Complaint
Page 2

## **JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to the provisions of 29 U.S.C. § 1132 (e).

5. The Court has proper venue over this matter pursuant to the provisions of 28 U.S.C. § 1391 (b), in that Massachusetts is the judicial district in which a substantial part of the events giving rise to the Plaintiff's claim occurred.

## **FACTS**

6. On or about July 2004, the Plaintiff was employed by the Defendant, T-Mobile USA, Inc., as a sales person.

7. At said time, the Plaintiff injured his back but continued to work for the next few months.

8. During said next few months, the Plaintiff's condition worsened.

9. On December 15, 2004, the Plaintiff received a verbal warning from his supervisor that he failed to meet his sales quota.

10. The Plaintiff's failure to meet his sales quota was due to his inability to travel in an automobile which, in turn, was due to the increasing severity of his back injury.

Complaint
Page 3

11. On or about December 20, 2004, the Plaintiff began treating with a physician for his back problem.

12. On or about December 26, 2004, the Plaintiff ceased working.

13. The Plaintiff's treating physician stated in writing that the Plaintiff's lower back pain was exacerbated by repetitive sitting, standing, and walking, and that the Plaintiff was "currently unable to perform the essential job duties of his occupation."

14. In December 2004, the Plaintiff applied for short term disability benefits.

15. Said application was denied and all subsequent appeals have been denied.

## COUNT I
## The Prudential Insurance Company of America

16. Paragraphs 1 through 15 of the Complaint are hereby incorporated into and made Paragraphs 1 through 15 of Count I.

17. The Plaintiff is covered under Group Policy Number 41982, issued by The Prudential Insurance Company of America to T-Mobile USA, Inc.

Complaint
Page 4

18. Said policy provides for twelve (12) weeks of short term disability benefits.

19. Said benefits were, within limitations, sixty (60%) percent of a disabled person's weekly earnings.

20. The Plaintiff was disabled under the definition of disability as set forth in said short term disability policy, from December 26, 2004, to March 28, 2005.

21. During said period, the Plaintiff at times remained disabled as that term is defined in said group short term disability policy.

22. Since the onset of said disability, The Prudential Insurance Company of America has refused to pay benefits to the Plaintiff, under said policy which properly are payable to the Plaintiff.

## COUNT II
### T-Mobile USA, Inc.

23. Paragraphs 1 through 22 of the Complaint are hereby incorporated into and made Paragraphs 1 through 22 of Count II.

24. At all times, the Plaintiff was covered under a short term disability plan provided by his employer, T-Mobile USA, Inc., and administered by The Prudential Insurance Company of America.

Complaint
Page 5

25. Said short term disability plan provided for twelve (12) weeks of benefits.

26. Said benefits were payable within limits at the rate of sixty (60%) percent of the employee's weekly earnings.

27. Commencing on December 26, 2004, and ending on March 28, 2005, the Plaintiff was disabled as that term is defined in said short term disability plan.

28. Since the onset of disability on December 26, 2004, the Defendant T-Mobile USA, Inc. has refused to pay benefits to the Plaintiff under said short term disability plan, which otherwise were properly payable to the Plaintiff.

WHEREFORE, the Plaintiff prays that this Court:

I. Affirmatively order either The Prudential Insurance Company of America or T-Mobile USA, Inc., or both, to pay all benefits provided in Group Policy Number 41982, or in the short term disability plan provided by T-Mobile USA, Inc., to the Plaintiff for the period commencing December 26, 2004 and ending March 28, 2005;

II   Award reasonable attorneys' fees to the Plaintiff;

III   Award money damages to the Plaintiff; and

Complaint
Page 6

    IV    Award such other relief as this Court finds proper and just.

Respectfully submitted, the Plaintiff, Lawrence W. Hammare, by his Counsel

_____
Judd L. Peskin, Esq. - BBO No. 556134
PESKIN, COURCHESNE & ALLEN, P.C.
101 State Street, Suite 310
Springfield, MA 01103
Tel No. (413) 734-1002
Fax No. (413) 734-0029
Jlp@pcalaw.net
Date: June 22, 2005

JS 44
(Rev 07/86)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
LAWRENCE W. HAMMARE

## DEFENDANTS
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and T-MOBILE USA, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  HAMPDEN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Judd L. Peskin, Esq., BBO# 556134
Peskin, Courchesne & Allen, P.C.
101 State Street, Suite 301
Springfield, MA 01103
(413) 734-1002

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. c. 1132 Defendants denied Plaintiff benefits under short term disability plan.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:**  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/23/05

SIGNATURE OF ATTORNEY OF RECORD  /s/ Judd L. Peskin

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __LAWRENCE W. HAMMARE v THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and T-MOBILE USA, INC.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   ✓ II. 195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   __NONE__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? __NO__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __NO__

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __NO__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES _____

   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __WESTERN__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Judd L. Peskin, Esq. Peskin, Courchesne & Allen, P.C.__
ADDRESS __101 State Street, Suite 301, Springfield, MA 01103__
TELEPHONE NO. __734-1002__

(COVER.SHT-08/90)                                                      APPENDIX C