UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAWRENCE W. HAMMARE,
    Plaintiff

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, and T-MOBILE USA, INC.,
    Defendant

C.A. NO. 05-30155 MAP

# DEFENDANT, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

## PARTIES

1. The Defendant is without knowledge or information sufficient to either admit or deny the allegation contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendant admits that upon information and belief, T-Mobile has a usual place of business at 12920 S.E. 38th Street, Bellevue, Washington and is without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

## JURISDICTION

4. The Defendant admits the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

## FACTS

6. The Defendant is without knowledge or information sufficient to either admit or deny allegation contained in Paragraph 6 of the Plaintiff's Complaint.

41312.1

7.  The Defendant is without knowledge or information sufficient to either admit or deny allegation contained in Paragraph 7 of the Plaintiff's Complaint.

8.  The Defendant is without knowledge or information sufficient to either admit or deny allegation contained in Paragraph 8 of the Plaintiff's Complaint.

9.  The Defendant is without knowledge or information sufficient to either admit or deny allegation contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant is without knowledge or information sufficient to either admit or deny allegation contained in Paragraph 10 of the Plaintiff's Complaint.

11. Upon information and belief, the Defendant answers that Plaintiff was initially evaluated by Dr. Shilmak on performed on December 29, 2004 and is without knowledge or information sufficient to either admit or deny the remainder of the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. Upon information and belief, the Defendant answers that Plaintiff went out of work on December 24, 2004.

13. The Defendant states that the medical records of Dr. Shilmik are written documents, thus they speak for themselves and no response is required.

14. The Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

## COUNT I
### The Prudential Insurance Company of America

16. The Defendant repeats and reasserts each of its responses to the allegations contained in Paragraphs 1 through 15 of the Plaintiff's Complaint as if fully set forth herein.

17. The Defendant admits that it issued policy No. G41982 to T-Mobile USA, Inc. and that Plaintiff made a claim for benefits under that policy. The Defendant denies the remainder of the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant admits the allegations contained in Paragraph 19 of the Plaintiff's Complaint

41312.1

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant admits that Plaintiff's claim for benefits was denied and Defendant denies the remainder of the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

## COUNT II
## T-Mobile USA, Inc.

23. – 28.  This Count is not directed at this Defendant, therefore no response is required.

WHEREFORE, the Defendant prays that this Court dismiss all counts against it and award reasonable attorneys' fees and costs to them and award such other relief as this Court finds proper and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that it has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Defendant.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that Prudential's handling of Plaintiff's claim for short term disability benefits complied fully with terms and conditions of the STD Plan.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that it has complied with and performed all of its promises, obligations and duties to Plaintiff under the Short Term Disability Plan and handling of the Plaintiff's claim for Short Term Disability benefits complied fully with terms and conditions of ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that the plaintiff is not entitled to disability benefits under the Short Term Disability Plan because he is not "totally disabled" as that phrase is defined in the Plan.

**SIXTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to 29 USC §1132(g), Defendant is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

**NINTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the defendant states that Defendant is not liable to Plaintiff for short term disability benefits.

**TENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Defendant reserves its right to assert additional defenses up to time of trial.

**ELEVENTH AFFIRMATIVE DEFENSE**

41312.1

By way of affirmative defense, Plaintiff has failed to exhaust administrative remedies pursuant to 29 CFR 2560.503-1.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

By Their Attorneys,

/s/ Carey L. Bertrand
William T. Bogaert, BBO # 546321
Carey L. Bertrand, BBO# 650496
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 27th day of July 2005 to:

Judd L. Peskin, Esq.
Peskin, Courchesne & Allen, P.C.
101 State Street, Suite 310
Springfield, MA 01103

/s/ Carey L. Bertrand
Carey L. Bertrand

41312.1