*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| LAWERENCE W. HAMMARE,<br><br>                              Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and T-MOBILE USA, INC.,<br><br>                            Defendants. | CIVIL ACTION NO. 05-30155-MAP<br><br>**ANSWER OF T-MOBILE USA, INC.** |

Pursuant to the Federal Rules of Civil Procedure 12, now comes T-Mobile USA, Inc., hereinafter "Defendant T-Mobile" by and through its counsel, Skoler, Abbott & Presser, P.C., and files this Answer to the Complaint.

### FIRST DEFENSE

### PARTIES

1. Defendant T-Mobile is without knowledge or information sufficient to either admit or deny the allegations regarding the residence of Plaintiff Lawrence Hammare and therefore denies the allegations of Paragraph 1 of the Complaint.

2. Defendant T-Mobile, on information and belief, admits the allegations of Paragraph 2 of the Complaint.

3. Defendant T-Mobile admits the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Defendant T-Mobile admits the allegations of Paragraph 4 of the Complaint.

5. Defendant T-Mobile admits that to a substantial degree the conduct that elsewhere in this Answer it has admitted did occur in Massachusetts, and to that extent only, it admits the allegations of Paragraph 5 of the Complaint.

## FACTS

6. Defendant T-Mobile denies the allegations of Paragraph 6 of the Complaint but further answering, admits that at the time alleged, Plaintiff was employed by Defendant T-Mobile as a Senior Account Executive.

7. Defendant T-Mobile is without knowledge or information sufficient to either admit or deny the allegations of Paragraph 7 of the Complaint and they are therefore denied.

8. Defendant T-Mobile is without knowledge or information sufficient to either admit or deny the allegations of Paragraph 8 of the Complaint and they are therefore denied.

9. Defendant T-Mobile denies the allegations of Paragraph 9 of the Complaint.

10. Defendant T-Mobile is without knowledge or information sufficient to either admit or deny the allegations of Paragraph 10 of the Complaint and they are therefore denied.

11. Defendant T-Mobile is without knowledge or information sufficient to either admit or deny the allegations of Paragraph 11 of the Complaint and they are therefore denied.

12. Defendant T-Mobile denies the allegations of Paragraph 12 of the Complaint but, further answering, asserts that Plaintiff's last date working during the relevant period of time was December 23, 2004.

13. Defendant T-Mobile is without knowledge or information sufficient to either admit or deny the allegations of Paragraph 13 of the Complaint and they are therefore denied.

14. On information and belief, the Defendant T-Mobile admits that Plaintiff applied for disability benefits under the disability plan(s) provided by Defendant T-Mobile and administered by Defendant The Prudential Insurance Company of America, hereinafter "Defendant Prudential".

15. On information and belief, Defendant T-Mobile admits that Defendant Prudential, disallowed Plaintiff's claim for disability benefits, subsequently reconsidered its decision based upon Plaintiff's appeals, and determined that its original decision denying benefits was appropriate and should be upheld.

## COUNT I

### The Prudential Insurance Company.

16. The allegations of this Count are not directed at Defendant T-Mobile, therefore no response is required. To the extent a response is required, Defendant T-Mobile incorporates its answers to Paragraphs 1-15 above.

17. On information and belief, Defendant T-Mobile admits that Defendant Prudential issued policy No. G41982 to Defendant T-Mobile USA, Inc. and that Plaintiff made a claim for benefits under that policy.

18. Defendant T-Mobile admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant T-Mobile admits the allegations contained in Paragraph 19 of the Complaint.

20. On information and belief, Defendant T-Mobile denies the allegations contained in Paragraph 20 of the Complaint.

21. On information and belief, Defendant T-Mobile denies the allegations contained in Paragraph 21 of the Complaint.

22. On information and belief, Defendant T-Mobile admits that Plaintiff's claim for benefits was denied, and Defendant T-Mobile denies the remainder of the allegations contained in Paragraph 22 of the Complaint.

## COUNT II

## T-Mobile USA, Inc.

23. Defendant T-Mobile incorporates its answers to Paragraphs 1-22 above as if fully set forth herein.

24. Defendant T-Mobile denies the allegations of Paragraph 24.  Further answering, Defendant T-Mobile admits that at all times relevant to the allegations contained in this Complaint, Plaintiff was covered by a short-term disability plan provided by Defendant T-Mobile and administered by Defendant Prudential.

25. Defendant T-Mobile admits the allegations of Paragraph 25 of the Complaint.

26. Defendant T-Mobile admits the allegations of Paragraph 26 of the Complaint.

27. On information and belief, Defendant T-Mobile denies the allegations of Paragraph 27 of the Complaint.

28. Defendant T-Mobile denies the allegations of Paragraph 28 of the Complaint. Further answering, Defendant T-Mobile asserts it played no role in any determination relating to the Plaintiff's eligibility for benefits, and that under the terms of the Plan, Defendant Prudential, as the fiduciary, has been delegated the discretionary authority to determine eligibility for benefits, to determine the amount of benefits, and to construe the terms of the Plan. Further answering, Defendant T-Mobile asserts that the denial of benefits to Plaintiff was made exclusively by Defendant Prudential and, Defendant T-Mobile, and on information and belief, further asserts that said determination was made by Defendant Prudential pursuant to the proper exercise of its discretionary authority to make factual determinations, interpret the plan, and determine eligibility for benefits under the plan.

## SECOND DEFENSE

Defendant T-Mobile is not a proper party to this action.

## THIRD DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The handling of Plaintiff's claim for short-term disability benefits complied fully with the terms and conditions of the STD Plan.

## FIFTH DEFENSE

The handling of Plaintiff's claim for short-term disability benefits complied fully with ERISA.

## SIXTH DEFENSE

Plaintiff is not entitled to disability benefits under the Short-Term Disability Plan because, at a minimum, he is not "totally disabled" as that phrase is defined in the Plan.

**SEVENTH DEFENSE**

The determination that Plaintiff was not totally disabled was properly made by the Defendant Prudential acting within the discretionary authority granted to Prudential under the terms of the Plan to interpret the meaning of the plan and make all determinations regarding eligibility for benefits.

**EIGHTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies.

**NINTH DEFENSE**

Plaintiff's demand for attorney fees should not be granted because the defenses asserted are reasonable and made in good faith.

**TENTH DEFENSE**

Defendant is entitled to an award of its reasonable attorney fees incurred in defense of this matter.

**ELEVENTH DEFENSE**

To the fullest extent permitted by law, Defendant reserves its right to assert additional defenses up to time of trial.

Respectfully submitted,

　/s/ Jay M. Presser, Esq.　
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant T-Mobile USA, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated: August 29, 2005    Tel.: (413) 737-4753/Fax: (413) 787-1941

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on August 29, 2005.

                                                  /s/ Jay M. Presser, Esq.
                                                  Jay M. Presser, Esq.