UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAWRENCE W. HAMMARE,         )
              Plaintiff   )
                                )
                                )
    v.                            )   Civil Action No. 05-30155-MAP
                                )
                                )
PRUDENTIAL INSURANCE COMPANY)
OF AMERICAN and T-MOBILE USA,   )
INC.,                           )
             Defendants  )

ORDER REGULATING PROCEEDINGS
(JUDICIAL REVIEW OF OUT-OF-COURT
NONGOVERNMENTAL DECISIONS)
September 22, 2005

NEIMAN, U.S.M.J.

      This case involves judicial review of an out-of-court decision of a nongovernmental decision-maker. That decision concerned a claim for a denial of short term disability benefits under an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Lawrence W. Hammare ("Plaintiff") has invoked 29 U.S.C. § 1132 under which a civil action may be brought by a participant or beneficiary to enforce rights under the terms of a plan.

A. The Record for Judicial Review

      Ordinarily the focal point of a court's judicial review of an out-of-court decision is the record on which that decision was made. *Recupero v. New England Tel. & Tel.*

*Co.*, 118 F.3d 820, 833-34 (1st Cir. 1997). *Cf. Sierra Club v. Marsh*, 976 F.2d 763, 769 (1st Cir. 1992) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971) with respect to judicial review of governmental decisionmaking on an "administrative record"). If the out-of-court decision was properly made, the record for judicial review is ordinarily available to one or more of the parties before the court.

On September 21, 2005, Prudential Insurance Company of American and T-Mobile Inc. ("Defendants") provided a copy of the proposed record for judicial review to Plaintiff. If Plaintiff believes that the record is incomplete or inaccurate in any way, he shall so notify Defendants by October 19, 2005. If no such notice is provided, then Defendants shall immediately file with the court the documents provided Plaintiff entitled "Agreed Record for Judicial Review." If Plaintiff does provide such notice to Defendants by October 19, 2005, the parties must confer by November 2, 2005, and attempt to ascertain an agreed record. If the parties come to an agreement, they are to promptly file an "Agreed Record for Judicial Review."

If the parties cannot agree upon the record, they shall file by November 9, 2005, a document entitled "Partial Record for Judicial Review" which contains the particular record upon which the parties agree. Then, by November 23, 2005, the parties shall file motions concerning any additional material they seek to have added to the record for judicial review, to which oppositions shall be filed by December 7, 2005.

B. Scope of the Court's Review

By November 9, 2005, the parties shall confer regarding the applicable scope of judicial review. If the parties disagree about the scope of the court's review, each party shall file with the court a memorandum of no more than seven pages double-spaced by

2

November 23, 2005, addressing this issue.

C. <u>Proposed Discovery About the Record or for Other Purposes</u>

If any party proposes that it is entitled to any further discovery or disclosure for the purpose of obtaining access to evidence that it might offer, at trial or in some other way, to supplement the record, that party must file with the court by November 23, 2005, a submission showing cause for being allowed such discovery, to which an opposition shall be filed by December 7, 2005. Such submission shall be in the form of a memorandum of law of no more than five pages double spaced. The court expects the memorandum to address with a significant degree of particularity what discovery or disclosure is sought and why reason exists to expect that the discovery would be properly received to constitute or supplement the record, or for some other purpose, and how the proffered evidence would be material to the disposition of this action.

D. <u>Schedule</u>

The court hereby schedules a conference for December 20, 2005, at 10:00 a.m. in Courtroom I, at which time the parties' motions and responses to the instant order will be addressed. If the parties agree upon the record and the scope of review, and if neither party seeks further discovery, the conference is hereby cancelled and the parties shall abide by the following schedule:

  i.   Defendants shall file their motion for summary judgment by December 30, 2005.

  ii.  Plaintiff shall file his opposition and cross motion for summary judgment by January 20, 2006, to which Defendants shall respond by February 3, 2006.

IT IS SO ORDERED.

DATED: September 22, 2005

                                                           /s/ Kenneth P. Neiman  
                                               KENNETH P. NEIMAN  
                                               U.S. Magistrate Judge